It is disheartening to see a government bureaucracy that has lost sight of the basic principles of justice and fairness. This is a distressing case, which is an example of two government agencies ignoring their own rules of procedure and bulldozing over a private litigant. To be honest, our country deserves better. As stated by this panel in the case of Grant v. NTSB, if rules of procedure work as they should in an honest and fair judicial system, they not only permit, but should as nearly as possible guarantee that bona fide complaints are carried to an adjudication on the merits. In this case, procedural due process requires adequate notice and an opportunity to be heard. One day's notice certainly does not comply with the necessary due process procedural safeguards. That is particularly true here in this particular case, when Mr. Hadley was seriously injured during the pendency of his extension that was granted by the Federal Aviation Administration. As the record will reveal, Mr. Hadley had broken both of his arms and his leg prior to the time that Judge Garrity issued his decisional order. Let me ask you a question here. Do you contend that the NTSB does not maintain a strict policy of dismissing untimely appeals in the absence of a good cause showing, or are you contending that your client made a showing of good cause to qualify for the exception? Mostly the latter, Your Honor. I certainly contend that they do allow late appeals when there is good cause. And Mr. Hadley certainly in this circumstance had good cause in light of the injuries which I just described. He had obtained, in good faith, an extension from the FAA. Judge Garrity issued a ruling during the pendency of his extension. Judge Garrity's decisional order took eight days to get from Boulder, Colorado to Ferndale, where Mr. Hadley resides. According to the NTSB's rules, Mr. Hadley had only one business day in which to respond to the decisional order and file an appeal. I believe that it is per se a violation of due process to indicate that a pro se litigant has only one business day in which to file an appeal. That seems to be per se a violation of due process. In my view, one of two rules must apply. Either there's an additional five days for mailing, which is less than the actual time it took in order for the mail to get to Ferndale, California. Or alternatively, the time period should run from the date of actual receipt. Mr. Hadley received the decisional order on the 12th of September, although it was mailed from Denver on the 4th of September. He then had the weekend from Friday the 12th until Monday the 15th, according to the NTSB's rules, in which to secure an extension of time, or alternatively, to seek an appeal from Judge Garrity's order. I don't believe that that complies with the necessary due process requirements. A reasonable rule would be pursuant to 14 CFR section 13211E, that he had five extra days for mailing, which the government contends does not apply in this case, but I believe should apply in this case. Or alternatively, the time period runs from actual receipt. Under either of those rules, when Mr. Newman sent the notice of appeal on the 22nd of September, his appeal was timely. To move on, the NTSB, in this case, is relying upon its own failure to locate the document that was sent by Mr. Newman on the 22nd of September in order to deny his appeal. The FAA, in their brief in response to our appeal, acknowledges on page 10 that that document was actually sent. Mr. Berry's brief states at page 10, quote, on September 22nd, Mr. Newman sent a letter to Judge Garrity in Washington, D.C., requesting reconsideration of the judge's motion on the ruling for summary judgment. Mr. Newman added, if reconsideration is not granted, then this letter should serve as a notice of appeal. The government has acknowledged that the NTSB received that document, and the NTSB is relying upon the fact that it lost the document in order to deny the appeal. So not only did Judge Garrity issue his decisional order during dependency of an extension, and not only did Mr. Hadley have a serious injury where he could neither write nor walk, but the FAA acknowledges that the NTSB received the appeal in a timely fashion. What's the narrow question that's before us in your view? Pardon? What is the narrow question that is before us in your view as we decide this appeal? The narrow question is on these particular facts in which the government issued a decisional order out of common, and the pro se litigant had a serious injury during dependency of his extension, and where the decisional order was issued at a time when the extension applied, can the NTSB ignore the receipt of a timely delivered appeal in order to deny the appeal, and in order to issue a dismissal of that appeal? I believe that the whole case comes down to the fact that the NTSB is relying upon its own loss of the crucial document in order to deny this appeal. And the record is evidence, as is very clear, that both the FAA and the NTSB are completely confused and befuddled by their own rules. The NTSB delivered numerous inconsistent decisions which were internally inconsistent. They constantly advised Mr. Hadley that there were different deadlines. When he responded in January that he wanted a further extension of time, they told him that the matter was closed. Then in February, they told him that the last date for filing a motion for reconsideration was on January 12th. That was seven days after he had written to the FAA, excuse me, to the NTSB requesting a reconsideration of the ruling. So the NTSB is a courthouse whose doors are always locked. Mr. Hadley is going from the FAA to the NTSB and constantly knocking on the courthouse door. And wherever he goes, the courthouse doors are locked. The FAA tells him to go to the NTSB. The NTSB tells him he needs to file a motion for reconsideration. When he files a motion for reconsideration, the NTSB tells him that he has to go to the Ninth Circuit. When he comes to the Ninth Circuit, Mr. Berry indicates that he was supposed to go back to the NTSB. The NTSB and the FAA have played a shell game here. Apparently, the NTSB believes that documents which are filed but which they lose themselves are of no legal force or effect. And it's arbitrary and capricious for the NTSB to find that Mr. Newell The one that you're saying that they lost, is that the September 22nd document that your client claims he faxed? That Mr. Newman faxed. That's correct. And which Mr. Berry admits on page 10 of his brief that was in fact received. That is the document I'm referring to. So, in my view, Your Honor, Judge Garrity's ruling was delivered prematurely during an extension. Afterwards, eight days expired. It is procedurally unreasonable and a per se violation of due process to assume that Mr. Hadley, who's injured, can get an appeal in within one business day. I believe that a more appropriate rule is either ten days from actual receipt or five days from mailing. That was done timely, and they admit that the document was received by the NTSB. Do you want to reserve the balance of your time? Yes. Thank you. Thank you. Good morning. May it please the Court. The NTSB properly dismissed Mr. Hadley's appeal based on his failure to file a timely notice of appeal. Well, let's go right to what I hear counsel for the appellant stating, is that you received this September 22nd, 2003 document. And are you conceding that as indicated by counsel? No, Your Honor. To be perfectly specific, obviously the FAA and the NTSB are two different bodies in this particular case. And what he is suggesting is that the NTSB received the September 22nd letter, I guess, on September 22nd, when in reality the NTSB itself suggests that it didn't receive this letter until December 18th. But I think more importantly in connection with this letter, this letter doesn't represent an extension of time of what is the key issue in this case. And obviously what the basis of the NTSB's holding in this case was whether Mr. Hadley filed a timely notice of appeal from the ALJ's decision. Well, you know, I guess from the standpoint, just exploring, let's look at the other side of it, that obviously we get things where people try to file appeals ten years later or something along those lines. I mean, it doesn't fall into that type of category. And he obviously, I don't think anyone's, he was pro se, he had a hospitalization. You know, why doesn't that satisfy good cause to suspend the application of the NTSB's policy of dismissing untimely appeals? Or why shouldn't, as a matter of equity, he be given that opportunity? Well, to answer your question, I must first preface this question by saying that Mr. Hadley failed to preserve this issue before this Court. And it's our contention that this Court doesn't even have jurisdiction over the issue as to whether Mr. Hadley has good cause for the untimely filing of the notice of appeal. Now, insofar as the notice of appeal is concerned, Judge Garrity issued his decision on September 4, 2003. Mr. Hadley had until September 15, which was a Monday, to file a notice of appeal or to request an extension of time to file a notice of appeal. On September 22, well after that deadline period, he files a notice of appeal from Judge Garrity's decision. All right, so when you're talking well after, we're talking how many days? Seven days. Okay. Well, I mean, it's, we're used to seeing long periods of time sometimes. But nevertheless, the NTSB has, in its case law, opted to apply a strict deadline in connection with the filing of documents, particularly with notices of appeals and appeal briefs. And this Court itself has upheld the NTSB's strict policy in connection with the application of its procedural rules. Okay, he wasn't in a coma, so he could have called. I think we've established that. But he did have other things wrong with him. So I'm assuming there would be some things. Let's assume that he were in a coma and woke up six days later. Would that be good cause? If he were in a coma and then woke up after a period of time? Well, it's difficult for me to speculate what the NTSB would actually characterize as good cause. Presumably, that would be good cause if he were in a coma. However, obviously he was not in a coma. He had gotten into a motorcycle accident on September 3. On September 9, he was released from the hospital. And he had until September 12 to do one of two things, both of which were very de minimis. He could have, number one, either picked up a telephone and asked the NTSB for an extension of time, given his motorcycle accident, to file a notice of appeal. Or he could have gotten Bruce, not Bruce Blakey, but Mr. Newman, who apparently represented him in the past and also had done favors for him, to execute that function to either call up the NTSB and request an extension of time or to do the de minimis step required in noticing of appeal, which is basically a one-sentence statement saying, I appeal Judge Garrity's decision. He took neither of these de minimis steps and, in fact, didn't notice his appeal until September 22, which was seven days after the time period within which he had to notice his appeal. Well, now you contend that you didn't receive this September 22 fax, correct? If you had received it, would that have satisfied? No, it's my contention that the NTSB didn't receive it. Obviously the FAA is the prosecutorial body in this mix, and the NTSB is the adjudicator. Now, to answer your question, if the NTSB had actually received this document on September 22, I think the notice of appeal still would have been dismissed, and I can explain why. Number one, the notice of appeal would have been seven days late, and then under the consistent application of the board's rules, that is the strict application of its procedural requirements, which has been upheld by this Court in Union Flights and in Gilbert, the board would have recognized that this was an untimely notice of appeal. Secondly, that letter suggested nothing in connection as to whether that motorcycle accident precluded his timely filing of a notice of appeal or a request for an extension of time to do so. He does mention that he was in a motorcycle accident. That is, Mr. Newman mentions that Mr. Hadley was in a motorcycle accident, but there is no linkage between the motorcycle accident and we didn't know what the severity of that motorcycle accident is by virtue of that September 22 letter. There's no linkage between that motorcycle accident and his failure to take these de minimis steps. But I think that the key issue in this case, the overriding issue, is that the NTSB is that Mr. Hadley failed to preserve this particular argument for this Court, and I believe that this Court lacks jurisdiction over it. Tell me the reasons in terms of that. Obviously, appellant's counsel has argued that it shouldn't be so strict, and there are reasons. Tell me your best argument for the reasons of why the agency does hold people strictly and why it should be. Yes, Your Honor. This Court in the Gilbert decision stated that the NTSB is free to adopt and enforce a strict procedural rule so long as it applies the rule uniformly or with reason and distinction. And the NTSB relied, that is, this Court relied on the D.C. Circuit's decision in the Hooper case in setting forth that principle. Now, the NTSB is free to strictly adopt and enforce strict procedural rules. They should be given deference given the fact that it is their rule or they are those, the NTSB's rules that they are strictly enforcing. Again, the NTSB's approach has been affirmed by this Court. Now, Mr. Hadley suggests that five days should be added. That five-day provision, as I explained in the footnote in my brief, does not apply. It's a five-day mailing provision. It does not apply to NTSB filings. It applies to enforcement actions that are taken in a separate tribunal, that is, a tribunal before the FAA administrator. This is an entirely separate matter. This is a case where the FAA issued an order of suspension, which was appealed, and properly so, to the NTSB. Now, the NTSB has the jurisdiction over this matter. Consequently, a five-day mailing rule doesn't apply. And insofar as Mr. Hadley's plea that the date of receipt actually be characterized as the starting time for this period, that's also an incorrect application of the Board's rules. Under Section 821.47, the NTSB expressly says that one must file a notice of appeal within 10 days after the service in ALJ's written order. Are there safety considerations as underpinnings to all of this? There aren't safety considerations, and safety considerations are set forth in the FAA's order of suspension and amended order of suspension. And essentially what the underlying action involved was Mr. Hadley's operation of an aircraft to the point of fuel exhaustion. He had to make an off-airport landing at a farm. And then he used automotive fuel to transport that aircraft back to the nearest airport. And so the FAA simply at the outset, number one, wanted to reexamine Mr. Hadley's competence as evidence, which was entirely reasonable given the circumstances of the case. Typically pilots, typically a competent pilot does not operate an aircraft to the point of fuel exhaustion and then use automotive fuel to transport the aircraft back to another airport nearby. In addition, these actions also violated federal aviation, specific federal aviation regulations, and they were set forth in the administrator's order, too. I think you've not only exhausted your fuel but your time. Okay, Your Honor. Thank you very much. Just one quick thing. Yes, Your Honor. If you go so that I'm clear on the dates, because the dates, I think, are going to be something that we're going to have to be concerned with. The decision was September 4th, which meant the appeal should have been filed by September 15th. Correct, Your Honor. He was released from the hospital on September 9th. Correct. And the first notice of appeal, facts or otherwise, was September 22nd. September 22nd. Are those the dates? Yes, Your Honor. That's all right. You don't need to expand it because your time is up. Thank you, Your Honor. Thank you for your time. Mr. Hadley, you might want to deal with the dates because that's what we're going to have to deal with. You argued one day and then you argued five days. Yes, thank you. But is this the outline? Are those dates accurate? Those dates are accurate with one exception. There was an amended order by Judge Garrity on the 9th of September. There was an initial ruling on the 4th of September, and then he recognized that there were errata and he issued a supplemental order on the 9th of September. I don't think it's reasonable for the FAA to suggest that the time period ran from the initial order when there was a subsequent order. One thing that nobody has brought up so far is the fact that the FAA itself is the— Mr. Hadley, so let's assume that this Court would accept the fact that the time should have been not September 4th but September 9th. Then there would be 11 days from that. Is that what you would agree? There's 10 days from that until the 19th, and five days for mailing would be the 24th, and the appeal was on the 22nd. Or alternatively, I believe that it should run from the date of actual receipt. Under the FAA's position, if Mr. Hadley had received— Well, now this mailing thing you're talking about, no one's ever agreed on that, right? They have not agreed on that, but I believe it applies under 14 CFR Section 211. What I was going to say, Your Honor, is that under the FAA's position, if Mr. Hadley had never received notice, the time period would have expired. Or if Mr. Hadley had received notice after the time period that his appeal was due, then his time still would have expired. That does not comply with due process requirements. Yeah, but that's not the case here. No, but what the case is here is that he had only one business day, and I believe that this statute is violative of due process on its face because under their interpretation, if he had never received notice, he still would have lost his right to an appeal. Are there any further questions? All right. You've used your time. All right. I believe it should be remanded to the ALJ. Thank you. Okay. Thank you. This matter will now stand submitted.
judges: Farris, Tashima, Callahan